Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: Kevin@kevinlittle.com

Attorneys for Plaintiff David Esquivil

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| DAVID ESQUIVIL<br><br>        Plaintiff(s),<br><br>   v.<br><br>FRESNO POLICE OFFICERS JEFFREY HERNANDEZ, HUNTER LARIOS, AND RUDY ALVARA<br><br>        Defendant(s). | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>42 U.S.C. § 1983 – Retaliatory and Excessive Force |

TO THE HONORABLE COURT:

Plaintiff David Esquivil, through his undersigned counsel, hereby makes the following allegations against the Fresno Police Officers Jeffrey Hernandez, Hunter Larios, and Rudy Alvara.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1331 and 1343, as this action is one for damages arising under the United States Constitution and other federal laws providing remedies for deprivations of the rights and privileges of citizens of the United States.

2. This Court has venue in this action pursuant to 28 U.S.C. § 1391(b), as the actions giving rise to this action all occurred within this judicial district.

COMPLAINT FOR DAMAGES     1

## PARTIES

3. Plaintiff David Esquivil ("Plaintiff") is a citizen and resident of the State of California, County of Fresno. Esquivil was 43 years old and an engineer equipment operator for the United States Forest Service at the time of the incidents alleged herein.

4. Defendants, police officers Jeffrey Hernandez, Hunter Larios, and Rudy Alvara are, upon information and belief, citizens and residents of the State of California, County of Fresno. With respect to all of the acts complained of herein, police officers Jeffrey Hernandez, Hunter Larios, and Rudy Alvara are employees of the Fresno Police Department and, in that capacity, were on-duty on January 20, 2021. At all material times herein, police officers Jeffrey Hernandez, Hunter Larios, and Rudy Alvara acted individually and within the course and scope of their employment with the Fresno Police Department. Officers Jeffrey Hernandez, Hunter Larios, and Rudy Alvara are sued in their legal capacity for acts performed under the color of law, and are also sued in their personal capacity for the cause of action set forth herein. As alleged herein, plaintiff believes in good faith that police officers Jeffrey Hernandez, Hunter Larios, and Rudy Alvara are legally responsible and liable for the injuries and damages alleged herein.

5. The individual defendants, police officers Jeffrey Hernandez, Hunter Larios, and Rudy Alvara, were directly involved in the incident alleged in this complaint, acting as law enforcement officers, under color of law in a ministerial or supervisory capacity. The defendants are named in their personal capacities for purposes of monetary damages and in their official capacities for purposes of declaratory relief and attorney's fees pursuant to 42 U.S.C. § 1988.

## FACTUAL ALLEGATIONS

6. On the evening of June 28, 2019, Plaintiff left the Veterans' Hospital and came upon an auto accident, and stopped to assist.

7. Fresno police officer Hunter Larios thereafter arrived at the scene and attempted to give Plaintiff a horizontal nystagmus test in the field.

8. Plaintiff did not consent to field sobriety test and attempted to leave. Officer Larios then used physical force to detain Plaintiff and subsequently place him under arrest.

9. During the arrest, Officer Larios attempted to violently throw Plaintiff to the ground, and Plaintiff held on to a chain link fence to protect himself from harm.

10. While arresting Plaintiff, Office Larios specifically threatened Plaintiff that if Plaintiff did not comply with the arrest he would break Plaintiff's arm.

11. While Plaintiff was being held on the ground by the other defendant officers, Officer Larios twisted and pulled Plaintiff's right arm with such force that he broke it, as Officer Larios had specifically threatened during the arrest.

12. As a result of the foregoing, Plaintiff suffered a severe fracture to his left humerus requiring implantation of surgical plate, causing permanent loss of total use of the arm, and resulting in physical pain, mental suffering, shock, fright, fear, and embarrassment.

**FIRST CAUSE OF ACTION**

**FOR VIOLATION OF 42 U.S.C. § 1983: EXCESSIVE AND RETALIATORY FORCE**

**BY PLAINTIFF AGAINST ALL DEFENDANTS**

13. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 as though fully set forth herein.

14. The defendant officers' intentional and reckless acts, as described above, constitute a deprivation of Plaintiff's rights, privileges, and immunities under the United States Constitution, specifically, Plaintiff's rights under the First, Fourth and Fourteenth Amendment to be free from unreasonable, excessive, and retaliatory force. Specifically, the force used by the defendant officers was unnecessary to accomplish any legitimate law enforcement objective, and it also followed Plaintiff's assertion of his right to question government authority and to assert his right not to provide information when he was not legally obligated to do so. A reasonable person in Plaintiff's situation would be chilled in the exercise of his free speech and movement rights based upon the defendant officers' violent, injurious reaction.

15. As a direct and proximate result of the defendant officers' violation of Plaintiff's constitutional rights, he has suffered substantial damages, as described hereinabove.

16. The defendant officers' conduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for the plaintiff's rights, thus entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

## FOR VIOLATION OF 42 U.S.C. § 1983:

## UNCONSTITUTIONAL AND RETALIATORY DETENTION AND ARREST

## BY PLAINTIFF AGAINST ALL DEFENDANTS

17. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18. The defendant officers' intentional and reckless acts, as described above, constitute a deprivation of Plaintiff's rights, privileges, and immunities under the United States Constitution, specifically, Plaintiff's rights under the First and Fourth Amendment to be free from retaliatory, and false detentions/arrests unsupported by reasonable suspicion/probable cause. Because the above-recited facts make it clear that there was no reasonable suspicion or probable cause to detain or arrest Plaintiff, and it also followed Plaintiff's assertion of his rights to question government authority and to assert his right not to provide information when he was not legally obligated to do so. A reasonable person in Plaintiff's situation would be chilled in the exercise of his free speech based upon the defendant officers' retaliatory and unlawful detention and arrest, which lacked reasonable suspicion or probable cause.

19. As a direct and proximate result of the defendant officers' violation of Plaintiff's constitutional rights, Plaintiff has suffered substantial damages, as described hereinabove.

20. The defendant officers' conduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for Plaintiff's rights, thus entitling him to an award of punitive damages.

///

///

COMPLAINT FOR DAMAGES                                                                                              4

## THIRD CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1983: MALICIOUS AND RETALIATORY PROSECUTION BY PLAINTIFF AGAINST ALL DEFENDANTS

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20, as though fully set forth herein.

22. As a result of the defendant officers' reports, which concealed exculpatory facts and which was a continuation of their pattern of retaliation against Plaintiff, he was charged with committing one count of resisting, obstructing, and/or delaying a peace officer, in violation of California Penal Code § 148(a)(1). The criminal proceeding against Plaintiff were unsupported by probable cause, for all the reasons set forth above in paragraphs six through 12. An accurate report would have revealed exculpatory facts.

23. At all relevant times, the defendant officers' knew Plaintiff was within his legal right to refuse a field sobriety test and free to leave at the time he was unlawfully detained and arrested. At all relevant times, the defendant officers' also knew that Plaintiff was not in violation of any local, state, or federal law when he was arrested and prosecuted.

24. The criminal case against Plaintiff terminated in his favor when the Fresno County District Attorney dismissed the case against him due to insufficient evidence.

25. The defendant officers' intentional and reckless acts, as described above, constitute a deprivation of Plaintiff's rights, privileges, and immunities under the United States Constitution, specifically, his rights under the First and Fourth Amendment to be free from retaliatory, unconstitutional, and malicious prosecutions unsupported by probable cause. Because the above-recited facts make it clear that there was never a good faith basis to recommend criminal charges be filed against Plaintiff, the charges filed were unconstitutional, and they also followed Plaintiff's assertion of his rights to question government authority and to assert his right not to provide information when he was not legally obligated to do so. A reasonable person in Plaintiff's situation would be chilled in the exercise of his free speech based upon the defendant officers' recommending that criminal charges be filed against him or him.

26. As a direct and proximate result of The defendant officers' violation of Plaintiff's constitutional rights, Plaintiff has suffered substantial damages, as described hereinabove.

27. The defendant officers' conduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for Plaintiff's rights, thus entitling him to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

28. For general and special damages against each defendant in an amount proven at trial;

29. For punitive damages against the individual defendant, in an amount appropriate to punish and to deter others from engaging in similar misconduct;

30. For statutory damages and penalties;

31. For prejudgment interest as allowed by applicable law;

32. For costs and attorney's fees as authorized by statute or law;

33. For other such relief as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury as to all his claims for relief.

Dated: June 28, 2021

LAW OFFICE OF KEVIN G. LITTLE

Kevin G. Little
Attorney for David Esquivil

COMPLAINT FOR DAMAGES                                                                 6