UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESQUIVIL,<br><br>             Plaintiff,<br>   v.<br><br>JEFFREY HERNANDEZ, et al.,<br><br>             Defendants. | Case No. 1:21-cv-001025-JLT-EPG<br><br>ORDER DENYING STIPULATION FOR ENTRY OF PROTECTIVE ORDER WITHOUT PREJUDICE<br><br>(ECF No. 23) |

On June 1, 2022, the parties filed a stipulation for entry of protective order for the Court's approval. (ECF No. 23). The parties seek a protective order because "[d]isclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted." (ECF No. 23, p. 5). The stipulated protective order will be denied, without prejudice, because it does not comply with Local Rule 141.1.

Local Rule 141.1(c), requires that every proposed protective order contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

1

    (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

    (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

LR 141.1(c).

    Regarding Local Rule 141.1(c)(1)-(2), the parties have failed to provide an adequate description of the types of information eligible for protection and a particularized showing of need for protection as to each category of information covered by their proposed order. The parties' stipulated protective order defines "confidential" information or items to mean "information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal privileges." (ECF No. 23, p. 6). However, such a catchall description is not sufficient "in general terms [] to reveal the nature of the information" under LR 141.1(c)(1). For example, the parties do not generally identify "confidential" information to include, *e.g.*, a customer list or some other descriptor to reveal the general type of information deemed confidential.

    Moreover, the parties' failure to sufficiently identify the categories of information at issue means that they have not sufficiently explained the particularized need for protection as to each category as required under LR 141.1(c)(2).

    The Court notes that the parties state that confidential "material includes, but is not limited to, medical records, psychotherapeutic records, and autopsy photographs; as well as peace officer personnel records as defined by California Penal Code sections 832.8, 832.5, 832.7 and the associated case law; and other similar confidential records designated as such." (ECF No. 23, p. 6). While this statement does provide some sufficient descriptors to identify the nature of the information involved, such as medical records, it is otherwise problematic. Notably, the categories of information listed are qualified with the statement as not being "limited to" such confidential information. Moreover, the parties identify "other similar confidential records" as warranting protection. Such statements impermissibly allow the parties to deem additional information confidential without them having provided a general description of such information as required by

LR 141.1(c)(1) and without making a particularized showing of the need for protection under LR 141.1(c)(2).

Lastly, the Court notes that the parties' filing contains two documents. The first is a stipulation setting out the parties' reasons for seeking the order, a definitional section for terms contained in the protective order, and the terms of the protective order itself. (ECF No. 23, pp. 1-22). The second is a proposed protective order, incorporating the definitional section from their stipulation and containing the same terms for the protective order agreed to in the stipulation. (ECF No. 23-1, pp. 1-18). Should the parties file another stipulation for entry of a protective order, the Court requests that the proposed protective order itself contain all material terms of the parties' stipulation, rather than incorporating by reference the definitional section from the stipulation. Thus, the Court will direct that parties to reflect this change in any future proposed protective order.

Accordingly, IT IS ORDERED as follows:

1. The parties' stipulation for entry of protective order (ECF No. 23) is DENIED without prejudice.
2. Should the parties decide to file another stipulation for entry of protective order, they must sufficiently describe in general terms the nature of all categories of information for which they seek protection and make a showing of the need for such protection as to each category of information at issue.
3. Should the parties decide to file another stipulation for entry of protective order, the proposed protective order itself must contain all material terms that the parties wish for the Court to approve without incorporating by reference sections from their stipulation.

IT IS SO ORDERED.

Dated:  **June 2, 2022**                           /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE

3